UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BLAZE BETTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:26-cv-150-TRM-MJD |
| v. | ) | |
| | ) | |
| SENIOR CARE ASSOCIATES, LLC, d/b/a MORNING POINTE SENIOR LIVING, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Blaze Betts' ("Plaintiff") motion to compel [Doc. 16 (the "Motion")]. Defendant Senior Care Associates, LLC, d/b/a Morning Pointe Senior Living ("Defendant") timely filed a response [Doc. 20], and Plaintiff timely filed a reply [Doc. 21]. The Motion is therefore ripe for the Court's review.

## I. BACKGROUND

Plaintiff filed her complaint on June 1, 2026 [Doc. 1]. On July 14, 2026, the parties filed their Rule 26(f) report, advising the Court that they "have agreed to exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before July 31, 2026." [Doc. 7 at Page ID # 23]. On July 28, 2026, Defendant served its initial disclosures, which included the names of several individuals likely to have discoverable information Defendant may use to support its claims or defenses [Doc. 17-1]. The instant dispute is limited to the sufficiency of those disclosures.

## II. ANALYSIS

The Court begins its analysis with the text of Federal Rule of Civil Procedure 26(a)(1):

> Except as exempted by Rule 26(a)(1)(B)[1] or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, **the address and telephone number[2] of each individual likely to have discoverable information** . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

(Emphasis added). Defendant does not dispute the clear language of the Rule, which mandates disclosure of PCI without any additional showing of relevance. Indeed, Defendant concedes that the PCI of its former employees "likely is not protected from disclosure" and has already provided such information to Plaintiff's counsel [Doc. 20 at Page ID # 93 n.1]. But Defendant refuses to provide the PCI for any of the current employees identified in the disclosures, choosing instead to list only the address and telephone number of Defendant's counsel's office [Doc. 17-1 at Page ID # 84–85].

Plaintiff cites several authorities supporting her position that Rule 26(a)(1) requires disclosure of the PCI [Doc. 17 at Page ID # 79–80]. In response, Defendant directly addresses only one of these authorities, which Defendant incorrectly characterizes as "[t]he only Sixth Circuit case cited by Plaintiff in support of such an onerous production." [Doc. 20 at Page ID # 94 (citing *United States ex rel. TVA v. Easement & Right-of-Way Over 0.98 Acres of Land*, No. 3:24-CV-00037-DCLC-DCP, 2025 WL 2472731 (E.D. Tenn. Aug. 26, 2025)].[3] Plaintiff cited the *TVA* case

---

[1] Defendant does not contend any of these exemptions apply to this proceeding.

[2] The Court herein refers to the address and telephone numbers at issue in this dispute as the "Personal Contact Information," or "PCI."

[3] Plaintiff notes in her reply that she also cited *Patel v. General Motors Company*, No. 22-cv-10742, 2022 WL 19974796 (E.D. Mich. Oct. 25, 2022), which squarely addresses several of the parties' arguments here [Doc. 21 at Page ID # 100].

for the proposition that "Magistrate Judge Poplin ordered the TVA to provide the home addresses of its employees to [the plaintiff]—disclosures that [she] is entitled to under Rule 26(a)(1)(A)(i)." [Doc. 17 at Page ID # 79–80]. Defendant asserts the case is distinguishable because the disclosing party had already *agreed* to provide the information, but was *ordered* to do so only because the parties could not agree on the language of a protective order [Doc. 20 at Page ID # 94]. That is a distinction without a difference. The existence of what Defendant asserts is "a sharp disagreement" regarding the PCI in this case does not somehow negate District Judge Corker and Magistrate Judge Poplin's conclusions that the plaintiff was entitled to the information under Rule 26(a)(A)(i) in the *TVA* case.

Defendant also argues that "Plaintiff has no legitimate need" for the PCI [Doc. 20 at Page ID # 95]. This argument fails, for two reasons. First, as noted in Plaintiff's reply, Plaintiff need not make any such showing. Rule 26 does the heavy lifting in that regard, as it clearly and unequivocally sets forth disclosure requirements untethered to relevance [Doc. 21 at Page # 98–99]. Second, Plaintiff asserts in reply that it intends on using the PCI to conduct background searches of the witnesses in preparation for their respective depositions, a purpose which several courts have found permissible within the context of Rule 26 [Doc. 21 at Page ID # 99–100].

Finally, Defendant raises the specter of future misconduct in an effort to avoid disclosure of the PCI. The Court finds this argument both unwarranted and unsupported by law. The parties have already agreed to the terms of a protective order Defendant can utilize to limit the use and disclosure of the PCI [Doc. 18 (Agreed Protective Order); Doc. 17 at Page ID # 82 ("Additionally, any concern that Defendant's current employees' personal contact information may be disclosed to third parties outside of this litigation should be alleviated by the Agreed Protective Order[.]")]. Further, the Court notes that counsel for Plaintiff and Defendant are respected lawyers in their

community and, more importantly, officers of the Court held to the highest ethical standards. In the event any of them lose their way in that regard, the Court anticipates the aggrieved party will promptly raise the issue with the Court. But the Court will not permit the fear of potential malfeasance to overcome the plain command of Rule 26.

## III. CONCLUSION

The Court **GRANTS** the Motion [Doc. 16]. Defendant shall disclose the PCI on or before **September 11, 2026**.

SO ORDERED.

ENTER:

/s/

MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE